954

parties' settlement agreement by unilaterally employing non-unit employees to perform the exclusive duties of plaintiff's unit employees with respect to pretrial and presentence detainees housed by the County of Onondaga. The contention of defendants that their actions were proper under the "management rights" clause of the collective bargaining agreement is raised for the first time on appeal and therefore is not preserved for our review (*see, Fischer v Zepa Consulting,* 263 AD2d 946, 947, *affd* 95 NY2d 66; *Gorman v Ravesi,* 256 AD2d 1134). (Appeal from Order and Judgment of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Kehoe and Lawton, JJ.

■ DEPUTY SHERIFF'S BENEVOLENT ASSOCIATION OF ONONDAGA COUNTY, INC., Respondent, v COUNTY OF ONONDAGA et al., Appellants. (Appeal No. 2.) [732 NYS2d 214] —Judgment unanimously affirmed without costs (*see, Deputy Sheriff's Benevolent Assn. v County of Onondaga,* 288 AD2d 953 [decided herewith]). (Appeal from Judgment of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Kehoe and Lawton, JJ.

■ RONALD S. CAMPBELL, Appellant, v TRACEY ROAD EQUIPMENT, INC., Respondent. (Appeal No. 1.) [732 NYS2d 394] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.

■ RONALD S. CAMPBELL, Appellant, v TRACEY ROAD EQUIPMENT, INC., Respondent. (Appeal No. 2.) [732 NYS2d 808] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the truck he was driving failed to negotiate a curve and flipped over. Plaintiff had taken the truck to defendant for a front-end alignment on the morning of the accident, and plaintiff alleged that defendant's negligent repair caused the accident. In particular, plaintiff alleged that certain bolts were improperly torqued and that a center axle pin was sheared. After the accident, plaintiff had the truck inspected by his insurance agent and later repaired but failed to preserve the replaced bolts and center axle pin. Supreme Court erred in dismissing the complaint based on plaintiff's failure to preserve that evidence. We agree with the court that the unavailability of the bolts and center axle pin hinders defendant's ability to